In an action by a city for the death of a sixteen-year-old boy, due to an electric shock from a charged, uninsulated hoisting chain on one of the defendant's light poles, where it appeared that one of the drop wires was in contact with one of the steps of the pole, that the chain was in contact with the step or post, that the covering on the drop wire was ragged for some distance, and that no insulator balls, or similar apparatus, were used to prevent the charging of the chain, evidence *held* sufficient to sustain a finding that defendant was guilty of negligence.

3.  DEATH, § 21*—*when evidence shows that electric shock from city light pole was proximate cause of death.*  In an action against a city for the death of a sixteen-year-old boy, due to an electric shock from a charged, uninsulated hoisting chain on one of defendant's light poles, where there was evidence that deceased had been ill and had suffered from various diseases, and two physicians testified that the cause of death was heart disease, and it further appeared that he touched the chain, could not release himself, cried out, was disconnected by force, and immediately died, evidence *held* sufficient to sustain a finding that the electric shock was the proximate cause of his death.

4.  DEATH, § 67*—*when verdict not excessive.*  A verdict for $4,250 for the death of a sixteen-year-old boy as the result of a charge of electricity from a city light pole, *held* not excessive.

Annie J. Alke, Appellant, v. Frederick W. Alke, Appellee.

Gen. No. 22,329.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1916.  Affirmed.  Opinion filed October 10, 1917.

Statement of the Case.

Action in assumpsit by Annie J. Alke, plaintiff, against Frederick W. Alke, defendant, to recover the sum of $2,000 alleged to be due under a contract relat-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing to property rights of defendant and plaintiff as husband and wife, and of $1,650 with interest alleged to be due as monthly payments under such contract. From a judgment for defendant for costs, complainant appeals.

Thurman, Hume & Kennedy, for appellant.

Joseph Cummins, for appellee.

Mr. Justice Taylor delivered the opinion of the court.

### Abstract of the Decision.

Husband and wife, § 210*—*when evidence shows extinguishment of executory portions of separation agreement by consent divorce decree.* In an action by a wife against her husband to recover a specific sum and also monthly payments alleged to be due under a separation agreement, evidence *held* sufficient to show that the executory portions of the contract were extinguished by a consent decree in subsequent divorce proceedings.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.